### DANIEL LELAND vs. CALEB LORING.

A. made seven promissory notes, of the same date, payable to B. or order, at different times, and gave B. two mortgages of personal property, to secure payment of the notes as they should become due. The first two notes were paid by A. at maturity : B. and C. indorsed one of the other notes to a bank that discounted it, and B. indorsed another of the notes to C.: B. also assigned said mortgages to the bank, to secure payment of the discounted note : The bank foreclosed said mortgages, and C., with the consent of B., placed the note, which B. had indorsed to him, in the hands of the cashier of the bank, as agent of C., to do with it as he should think for C.'s best interest, and to secure it, if he could, out of the mortgaged property in the cashier's hands, which was of greater value than the amount of the five notes which A. had not paid : The cashier commenced an action for C., against A., on the note indorsed by B. to C., and caused A.'s property to be attached to secure it. *Held*, that the foreclosure of the mortgages by the bank did not operate as payment of the note held by C., and that A. was liable to said action.

ASSUMPSIT on a note signed by the defendant, dated January 31st 1843, promising to pay Samuel R. Leland, or order, $423·39 in eight months, and indorsed in blank by said Samuel R.

At the trial in the court of common pleas, before *Merrick*, J. one ground of defence was payment; and for the purpose of supporting this defence, the defendant offered in evidence a bill of sale from said Samuel R. to him, of even date with said note, of a stock of goods valued in said bill at 2617·30, and offered to prove that said Samuel R., at the same time, and as a part of the same transaction, gave to the defendant his written obligation that he would correct any mistake that had been made in taking the account of said stock, and make allowance for any part thereof which should thereafter appear to have been invoiced at a price above its fair value. It also appeared in evidence that the defendant, at the same time, gave seven notes, payable to said Samuel R. or order, in payment for said stock; one for $250·33, payable in two months; one for $423·41, payable in four months; four for $423·39 each, payable in six, eight, ten and twelve months; and one for $250, payable in fourteen months; amounting, in all, to said sum of $2617·30; and that the defendant, on the same day, executed to the said Samuel R., as security for the payment of said notes, a mortgage of the same stock, conditioned to pay the said several notes, as they should become due.

The defendant also offered to prove that he, on the 4th of March 1843, mortgaged to said Samuel R. other personal property, of the value of $600, as further security for the payment of said notes as they should become due; that there was no other consideration for said last mentioned mortgage; that said Samuel R., on the same day, assigned that mortgage to the Central Bank, as security for the payment of the note aforesaid of $423·39, made payable in six months, which said Samuel R. and the plaintiff had indorsed to said bank; that on the 5th of June 1843, said Samuel R. assigned the mortgage first mentioned, and all the property

therein described, to the same bank, to hold to them and their assigns as' collateral security for said note so as aforesaid indorsed to and discounted by said bank ; that on the 3d of August 1843, said bank, by its cashier, took possession of the property described in both of said mortgages, for the purpose of foreclosing them ; and that both of them became foreclosed as early as the 19th of October 1843.

The defendant also offered to prove that, about the 1st of October 1843, the plaintiff, with the knowledge and consent of the said Samuel R., placed the note, which is now in suit, in the hands of said cashier, who then, in his official character of cashier, had charge and possession of the property described in both of said mortgages, holding the same for the use and benefit of said bank, for him, the said cashier, as agent of the plaintiff, to do with as he should think would be for the plaintiff's best interest, and to secure it, if he could, out of the property in said cashier's hands. The defendant also offered to prove that said cashier procured the present suit to be brought, and the defendant's property to be attached. The defendant also offered to prove that he paid the two notes aforesaid, that were payable in two and four months, when they became due, and that the fair value of the property included in the two mortgages, and of which said cashier took possession, as aforesaid, exceeded $2600. And the defendant contended that, upon the foreclosure of said mortgages, the property conveyed by them enured and operated as payment of the note on which this action was brought. But the judge ruled the contrary, and the jury returned a verdict for the. plaintiff. The defendant thereupon alleged exceptions to said ruling.

*G. Parker*, for the defendant. If the payee had held the note when the mortgages were foreclosed, it would have been paid or the debt extinguished. *Hedge* v. *Holmes*, 10 Pick 380. *Hatch* v. *White*, 2 Gallis. 152. *West* v. *Chamberlin*, 8 Pick. 338. *Derby Bank* v. *Landon* 3 Connect. 62. The question is, whether the case at bar is within these decisions. The mortgagee, when he transfers a note secured

by mortgage, holds the mortgaged property in trust for the holder of the note. *Crane* v. *March*, 4 Pick. 136. *Eastman* v. *Foster*, 8 Met. 19. It was for the interest of the payee, as indorser, that the note should be paid by the mortgaged property, and he and the plaintiff directed that .it should be so paid, if possible. There was, therefore, an application of that property, with the consent of all the parties interested, to the payment of the note.

*Kinnicuti*, for the plaintiff. The cases cited for the defendant show only that, if the note had been held by the mortgagee or his assignees, the foreclosure would have operated as payment, so far as the mortgaged property would suffice. But a note is negotiable though it is secured by mortgage, and the indorsee is not affected by the relations of prior parties. See *Wheeler* v. *Guild*, 20 Pick. 545. *Crane* v. *March*, 4 Pick. 136.

If the facts in this case show payment, it was payment to a prior party, who was not in possession of the note. If the bank be trustee for the plaintiff, he might, if he pleased, have looked to the bank for payment. But he has another remedy, by suit against the maker or indorser.

SHAW, C. J. This case seems too clear to admit of doubt, or to allow of much illustration. When the defendant gave to Samuel R. Leland or order seven promissory notes payable on time, he enabled the promisee to constitute seven creditors, each of whom had a perfect remedy against him, on his personal undertaking, without regard to any collateral security given to the promisee, and not assigned to such indorsee. It is no doubt true, that if the original creditor continues to hold the note, and converts the property held as collateral into money, or forecloses a mortgage upon it, it may operate as payment in whole or in part, according to its value. So if the indorsee of the note is also the assignee of the mortgage. But here the plaintiff was not assignee of the mortgage, and took no interest in or claim to it, legal or equitable. If the bank took the whole of the mortgaged property for one or two of the notes held by them, and if

11 *

the property was worth much more than the amount of the notes, it cannot affect the plaintiff's right as indorsee. If not redeemed, and they foreclosed the mortgage rightfully, as a mortgage of the whole property for each several note, it was done in pursuance of a right conferred on them by the defendant. *Exceptions overruled*